**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

QUENTIN BURT,

       Petitioner,

v.                                      Case Number: 09-CV-10618
                                        Honorable Gerald E. Rosen

C. ZYCH,

       Respondent.
_____/

## OPINION AND ORDER
## DENYING PETITIONER'S MOTION FOR RECONSIDERATION PURSUANT TO
## FEDERAL RULES OF CIVIL PROCEDURE 59(e)

Petitioner Quentin Burt, a federal prisoner currently incarcerated at the Federal

Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus,

pursuant to 28 U.S.C. § 2241, challenging his criminal conviction and sentence for using and

carrying non-machine gun firearms during drug trafficking in violation of 18 U.S.C. § 924(c).

On February 27, 2009, the Court issued an "Opinion and Order Denying Petitioner's Petition for

Writ of Habeas Corpus and Transferring Case to the United States Court of Appeals for the Sixth

Circuit."  (Dkt. # 2.)  Before the Court now is Petitioner's "Motion for Reconsideration Pursuant

to Federal Rules of Civil Procedure 59(e)."  (Dkt. # 4.)

A motion filed after a judgment has been entered is correctly considered as either a

motion for new trial or motion to alter or amend judgment under Fed.R.Civ.P. 59(e).  *Feathers v.*

*Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).  Rule 59(e) allows a party to file a

motion to alter or amend judgment within a ten-day time period of the entry of the Judgment.

The disposition of a motion filed pursuant to Fed.R.Civ.P. 59(e), is "entrusted to the

[c]ourt's sound discretion." *Keweenaw Bay Indian Comty. v. United States*, 940 F.Supp. 1139, 1140 (W.D. Mich. 1996) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice. *Keweenaw*, 940 F.Supp. at 1141 (citing *Javetz v. Bd. of Control, Grand Valley State University*, 903 F.Supp. 1181, 1190 (W.D. Mich. 1995)). "A Rule 59(e) motion, however, is not intended as a vehicle to relitigate previously considered issues . . . [and] should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence . . . [and] the 'proper vehicle for relief is an appeal' rather than a motion to alter or amend." *Keweenaw Bay*, 940 F.Supp. at 1141.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten days after entry of such order. E.D. Mich. Local R. 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs. E.D. Mich. Local R. 7.1(g)(2). Local Rule 7.1(g ) further states:

> (3) *Grounds*. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Here, Petitioner's arguments for reconsideration amount to a disagreement with the Court's decision. None of the arguments advanced by Petitioner in support of his motion satisfy

the standards under which Rule 59(e) or E.D. Mich. Local R. 7.1(g)(3) motions may be granted.

Petitioner does not argue that an intervening change in the law requires that the Court amend its

judgment, nor does he establish that the Court committed a clear error of law which must be

remedied.  Petitioner's arguments also do not satisfy the only remaining prong under which Rule

59(e) relief may be granted, that evidence not previously available suddenly has become

available.  Furthermore, Petitioner has not demonstrated any palpable defects by which the Court

or the parties have been misled and that by correcting that defect, a different disposition of the

case would have resulted.  Thus, Petitioner has failed to show entitlement to relief under both

Rule 59(e) and E.D. Mich. Local R. 7.1(g)(3).

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Reconsideration Pursuant

to Federal Rules of Civil Procedure 59(e) " [dkt. # 4] is **DENIED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  March 23, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on
March 23, 2009, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager